UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANIEL EMERSON NORTON,                                  Case No. 3:23-cv-00303-MC

                Petitioner,                                  OPINION AND ORDER

      v.

ISRAEL JACQUEZ,

                Respondent.

_____

MCSHANE, District Judge.

       Petitioner files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and alleges that the Bureau of Prisons (BOP) miscalculated earned time credits to which he is entitled under the First Step Act (FSA). Because BOP has awarded Petitioner the earned time credits he seeks, his claim is now moot and the Petition is DENIED.

1   - OPINION AND ORDER

<u>DISCUSSION</u>

Petitioner is currently serving a 96-month sentence for offenses including conspiracy to commit wire fraud, money laundering, and tampering with documents or proceedings. Rogowski Decl. ¶ 3 & Ex. 1 at 2-3 (ECF No. 6). Petitioner was committed to BOP custody on December 30, 2019, and his projected release date is October 26, 2025. *See id.* & Ex. 1 at 2.

Under the FSA, eligible inmates with a low risk of recidivism may earn time credits for participating in "evidence-based recidivism reduction programs" and other "productive activities." *See* 18 U.S.C. § 3632(d)(4); 28 C.F.R. § 523.42. The FSA authorizes BOP to apply earned time credits to the release dates of inmates and accelerate their release from confinement. 18 U.S.C. § 3624(g). Eligible inmates initially earn ten days of credit for every thirty days of successful participation in qualifying programs. *Id.* § 3632(d)(4)(A)(i). If an inmate maintains a minimum or low risk of recidivism over two consecutive risk and needs assessments, the inmate is eligible to earn an additional five days of credit, for a total of fifteen days of credit, for every thirty days of successful participation. *Id.* § 3632(d)(4)(A)(ii).

Petitioner claims that his most recent FSA Time Credit Assessment Sheet failed to apply the correct time factor of fifteen days for each month he participated in qualifying activities from May 21, 2020 through October 21, 2021. Petitioner argues that he is entitled to an additional ninety days of earned time credit that may be applied to his placement at a Residential Reentry Center (RRC) or in home confinement. *See* Pet. at 8B (ECF No. 1).

In response, Respondent agrees that Petitioner is eligible to earn and receive time credits and maintains that BOP has already applied the maximum 365 days of time credits to his release date. *See* Rogowski Decl. ¶¶ 3, 5-9 & Ex. 1 at 2. Respondent also submits evidence showing that Petitioner has earned an additional 145 days of time credit that may be applied toward his RRC

placement or home confinement. *See* Cho Suppl. Decl. & Ex. A (ECF No. 16). Because Petitioner has earned more time credits than he seeks in this action, Respondent argues that his claim is now moot.

"The case or controversy requirement of Article III . . . deprives federal courts of jurisdiction to hear moot cases." *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1208 (9th Cir. 2021) (citation omitted). "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pizzuto v. Tewalt*, 997 F.3d 893, 903 (9th Cir. 2021) (citation omitted). "A case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citation omitted). The question of whether a case is "live" typically depends on whether a court can grant effective relief should it address the merits of the case. *Native Vill. of Nuiqsut*, 9 F.4th at 1208. "If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

Here, BOP has awarded Petitioner 145 days of earned time credit that may be applied to his RRC placement or home confinement. Because Petitioner seeks an Order requiring BOP to award only ninety days of additional time credits, Petitioner has obtained the relief he sought, and this Court cannot order any type of effective relief.

Petitioner does not dispute that his claim for earned time credits is moot. Instead, Petitioner requests that this Court issue an Order requiring BOP to update his Central File to reflect his completion of a Master's Program. Pet'r Request for Status (ECF No. 20); *see also* Pet. at 7, 8A. However, Petitioner's request does not implicate the execution or duration of his

3    - OPINION AND ORDER

sentence and is not cognizable in a § 2241 Petition. *See Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (reiterating that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement").

<u>CONCLUSION</u>

Petitioner has received the earned time credit he seeks in this action, and the Petition (ECF No. 1) is DENIED on grounds of mootness.

DATED this 7th day of August, 2023.

s/  Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge